**DRANE et, Plaintiffs, v. THE LAWTON COMPANY, Defendant.**
Common Pleas Court, Hamilton County.

No. A-145414. Decided August 2, 1956.

596

Kunkel & Kunkel, John Wilke, for plaintiffs.
Sol Goodman, for defendant.

## OPINION

By WEBER, J.:

The plaintiffs herein pray that an order temporarily restraining the defendant from putting into effect a reorganization of its corporate structure be made permanent. The question is submitted to the Court on the pleadings, an agreed stipulation of facts, arguments and briefs,

The reorganization plan was initiated under authority of the provisions of §1701.17 R. C., formerly §8623-14 GC, enacted in 1927, and which reads in part as follows:

"A corporation by the adoption of an amendment may:

"* * *

"F. Change issued or unissued shares of any class, whether with or without par value, into the same or a different number of shares of any class with or without par value, theretofore or then authorized;

"I. Change any of the express terms or designations of issued or unissued shares of any class or series, * * *."

The corporation was formed under the laws of Ohio on October 16, 1919. Provision was made for 1,000 shares of common stock and 500 shares of preferred stock at 7% cumulative dividends, with preference in case of dissolution, which by amendment on September 22, 1920, was changed to 8%, and provided for payment of $110.00 per share and all unpaid dividends in the event of redemption. In December 1923 the Articles were amended by increasing capitalization by providing $150,-000.00 in 6% second preferred stock. One hundred and ninety-five shares of said preferred 8% stock are now outstanding, the whereabouts of the owners of 15 of said shares being unknown. The 1,000 shares of the common stock, having the voting powers, are now outstanding. All of the outstanding stock was issued prior to 1927. Three hundred thirty-three and one-third shares of the common stock are now owned by the

plaintiffs, although some of said shares were acquired after 1927. Dividends on the 8% preferred shares have not been paid for about twenty-four years and the value of said 180 shares of preferred stock, plus accrued and unpaid dividends was approximately $300.00 per share, or a total of $54,000.00, and if said total were set off for the purpose of paying off said preferred stock, the assets of the company would then suffice to pay approximately $40.00 per share of the outstanding 1,000 shares of common stock, or a total of $40,000.00. The corporation's finances were such that it did not have nor could it raise the money to pay for the respective classes of stock. Under such circumstances, the Board of Trustees, on October 11, 1954, with the approval in writing of the holders of 180 shares of preferred stock and of the holders of 66-2/3% of the common stock, other than the 33-1/3% owned by the plaintiffs, adopted the following plan.

The common stock would be changed into a class of preferred stock of $40.00 par, with an exchange of one share of common for one share of preferred, with provision for interest. The preferred stock, with the cumulation of dividends would be exchanged upon the basis of one share of preferred and cumulative dividends for five shares of common.

The plaintiffs were advised of this action and were offered an opportunity of exchanging their shares or following the proceedings prescribed for determining the value and payment of their shares as dissenting stockholders. On October 28, 1954, within the twenty-day period, the plaintiffs filed this suit in which they pray that the temporary restraining order which was issued on that day be made permanent, or, in the alternative, in the event the Court shall find such proceedings and such plan in all respects lawful and valid, plaintiffs pray for an order entitling them to relief as dissenting shareholders.

There is no complaint that all the necessary procedural steps were not taken in the adoption of the plan.

The plaintiffs claim that the plan is fraudulent and is illegal in that it violates **Section 28, Article II, Ohio Constitution,** which provides:

"The general assembly shall have no power to pass retroactive acts, or laws impairing the obligation of contracts."

There is no evidence of actual or equitable fraud.

The defendant claims that under the so-called reserve power, **Section 2, Article XIII, Ohio Constitution,** which provides:

"Corporations may be formed under general laws, but all such laws may, from time to time, be altered or repealed."

the legislative provisions of the Revised Code, under the authority of which the plan was adopted, became a part of the contract of the plaintiffs, although enacted subsequent to the issue of their stock. The fact that some of the plaintiffs acquired their stock subsequent to the enactment of that legislation is immaterial; the transferees of the stock acquired the same rights as their transferors had and would have continued to have if they had retained ownership of the stock.

It is well settled that laws in force at the time a contract is entered into become a part of the contract. The legislature, of course, may

repeal or alter from time to time all laws, but such new laws ordinarily do not become terms of the contract previously entered into. The so-called reserve powers, that is, the right to alter or amend laws pertaining specifically to corporations, were incorporated in State constitutions at the suggestion of Judge Storey in the case of Dartmouth College v. Woodward, 17 U. S. (4 Wheaton) 518, 4 L. Ed. 629, and was incorporated in the Ohio constitution of 1851. This provision is not self-executing; it is incorporated in every article of incorporation and is a part thereof and makes laws enacted under its authority, applicable to all corporations. The question has been raised that only such laws as affect the contract between the State and the corporation are embraced in said provision. But it has been distinctly determined by the Ohio courts that the stockholder, as part of his contract, agrees that when alterations and amendments of the laws are made subsequent to the execution of his contract and under the authority of the reserve powers, agrees that such laws, when implemented by the corporation, shall become a part of his contract and consequently the law so implemented is not retroactive in effect and does not impair the obligations of his contract.

The plaintiffs rely upon the cases of **Wheatley, Trustee, v. Root Company, 147 Oh St 127**, and **Schaffner v. Standard Boiler & Plate Iron Company, 150 Oh St 454**. Although there are general statements in these cases which when taken out of their context and given strained construction give some support to the plaintiffs' contention, the only question decided by these cases is that unpaid cumulative dividends which have accrued, even though not yet declared, have become a vested property right which cannot be eliminated, cancelled, discharged or adjusted by requiring holders of such preferred shares to accept in lieu thereof common shares. The gist of the decision is that such unpaid accrued dividends have become a vested enforceable property right and any legislation interfering therewith is retroactive and forbidden by the State and Federal constitutions.

It is true that in the instant case, the plan involves the exchange of existing preferred shares and the accrued cumulated unpaid dividends for the new common shares. But that question is not in issue in this case since no objection has been made by any owner of said preferred shares and since the owners of the 180 shares of the total of 195 shares issued, being all the owners whose whereabouts are known, consented thereto in writing. The plaintiffs, as owners of one-third of the common shares issued, had the voting rights and certain secondary rights to dividends and distribution of assets. These rights are interfered with only prospectively; they have not become vested and enforceable property rights. This distinction is set forth in the case of Wheatley v. Root Company, supra, at page 142:

"It has been held, too, that whether a proposed change in the obligations of the corporation to its stockholders is sanctioned by the reserve power to amend or alter the corporate charter depends on whether the change affects vested rights of the stockholders as distinguished from preferential rights."

And in the case of **Belden v. Union Central Life Insurance Company,** 143 Oh St 329, at page 341, it is stated by Judge Bell:

"This provision of the constitution was in force and effect when each of the appellants entered into his contract with his respective company and therefore he could have no vested right in the corporate structure of the company. He knew or is presumed to have known that the General Assembly had express constitutional authority to authorize a change in the organization or structure of any corporation formed under the laws of this state."

A well settled case is **Carbine v. Dayton Malleable Iron Company,** 61 Oh Ap 1. The entire syllabus succinctly states what seems to be the present law of Ohio. The questions before the Court are briefly stated on page 5:

"The plaintiff, in his petition, prays that the defendant company be restrained and enjoined from paying any further dividends or dividends upon any of its common stock so long as any dividend or dividends on its 7% preferred stock, which is owned by plaintiff, have not been fully paid, this to include all future dividends which may hereafter accrue or become due, as well as those which have already accrued or become due."

And the decision of the court is stated at the bottom of page 13:

"Plaintiff is not entitled to all the relief for which he asks, but since it is a conceded fact that dividends have been paid on common stock since the reorganization, he is entitled to an injunction against the further payment of dividends on the common stock until such time as his cumulative dividends up to the time of reorganization have been paid. Plaintiff is not entitled to have the order continued so as to cover claimed dividends after the reorganization."

As previously stated, there is no claim that any of the prescribed procedures were not followed. In such a case, the last paragraph of §1701.19 R. C., is applicable:

"A plan of reorganization, when adopted in the manner prescribed in division (A) of this section, shall, in the absence of clear and convincing proof to the contrary, be presumed fair and equitable in every respect to all shareholders."

No proof whatever has been offered to the contrary.

THE COURT HOLDS that the plan herein involved is valid and binding on the plaintiffs and their only recourse is to enforce the rights, if any, which they may have as dissenting shareholders.

The defendant claims that whatever such rights the plaintiffs may have had, they have lost because they did not make a written demand within twenty days and have failed to comply with the other requirements of §1701.80 R. C. The plaintiffs have presented no arguments respecting their rights as dissenting shareholders, apparently relying solely on the following part of their prayer:

"In the event the court shall find such proceedings and such plan in all respects lawful and valid, the plaintiffs pray for an order entitling them to relief as dissenting stockholders under the provisions of the

general corporation law of Ohio, and for such other relief to which they may be entitled in law or equity."

Sec. 1701.80 R. C., provides:

"Any shareholder who does not object and demand in writing the payment of the fair cash value of his shares, in the manner and at the time provided in this section, is concluded by the vote of assenting shareholders."

It was held in the case of **Klein v. United Theatres, 148 Oh St 306**, that the provisions of said section "shall be strictly construed and exclusively applied."

In the case of Schaffner v. Iron Company, supra, at page 459, the Court states:

"* * * The failure of the plaintiffs in the instant case to avail themselves of the remedy of appraisal of their shares is not a bar to this action, unless the action of the corporation was authorized by statute."

The time limits prescribed by the statute are in the nature of statutes of limitation. Therefore, in spite of the strict construction required, there is a question whether or not the temporary restraining order which was issued wihin the twenty-day period stays the commencement of the running of the time limits until the validity of the corporate action is determined. However, it is unnecessary to decide this question, since the Court believes the vital question raised is whether the plaintiffs originally were qualified, as dissenting shareholders, to take advantage of the provisions of §1701.80 R. C. It is clear that the provisions of said section are limited to such shareholders as are entitled to such relief by the express terms of the statute.

**Opdyke et al v. Security Savings and Loan Association, 157 Oh St 121,** syllabus 5:

"The right of a dissenting stockholder to receive the fair cash value of his shares is a statutory right * * *. Unless the General Assembly has * * * provided for such a right where a particular corporate change is made, a dissenting stockholder does not have that right. * * *."

See also **Bruckmann v. The Bruckmann Company, 12 O. O. 44,** affirmed on this point in **60 Oh Ap 361.**

Sec. 1701.80 R. C., provides:

"* * *, any dissenting shareholder who has not voted in favor of the proposals mentioned in this section and who by §§1701.01 to 1702.43, inclusive, R. C., is entitled to relief when the articles have been amended, when all or substantially all of the assets of the corporation have been authorized to be sold, * * *, or when a consolidation or reorganization * * * has been authorized, shall be paid, etc."

Sec. 1701.17 R. C. provides:

"If an amendment is adopted which changes issued shares of a particular class, which has preference in dividends or liquidation over any other class of shares, into shares of any other class, or which changes any of the express terms of issued shares of such particular class, and if the holders of the shares of such particular class are substantially prejudiced thereby * * *, then the dissenting shareholders of such par-

ticular class shall be entitled to the relief under §1701.80 R. C." (Emphasis added.)

The plaintiffs do not qualify under this section. Their shares have no preference in dividends or liquidation. The holders of the preferred shares do qualify but they have voted in favor of the plan.

**Sec. 1701.19 (Reorganization) Division (D) R. C.** provides:

"If the organization is effected pursuant only to §§1701.01 to 1702.43, inclusive, R. C., and not under such bankruptcy act, dissenting shareholders are entitled to relief as prescribed in §1701.80 R. C., in respect of, but only in respect of, the particular action, if any, which, if taken separately, would have entitled them to dissent and demand relief under §§1701.01 to 1702.43, inclusive, R. C."

The particular corporate action here involved is the changing of shares of one class into shares of another class and in such case only the shares which have preferential rights in dividends or liquidation are entitled to the benefits of the provisions of §1701.80 R. C.

In contrast to the above provisions, it is significant that the shareholders of any class are entitled to the relief granted in §1701.80 R. C., when under authority of §1701.74 R. C. there is a sale of assets, or under authority of §1701.17 R. C. there is an amendment which substantially changes the purpose of the corporation, or under authority of §1701.76 R. C. there is a merger or consolidation, whereas when the amendment is of the kind herein involved which changes issued shares from one class to another class, only such shares as have preference in dividends or liquidation, and which are prejudiced by the change, are entitled to such rights.

In view of the nature of the amendment which was made in this case, the statutes do not expressly provide relief to the class of shares, i. e. common shares, owned by the plaintiffs.

THE COURT HOLDS that the plan herein involved is valid; that the temporary restraining order should be and is hereby dissolved; that a permanent injunction should be and is hereby denied; and that the plaintiffs, as dissenting owners of common shares, are not entitled to the relief provided by §1701.80 R. C.

Please present an entry.

Ohio Appeals, Second District, Hamilton County.

No. 8200. Decided November 26, 1956.

Kunkel & Kunkel, John Wilke, Cincinnati, for plaintiffs-appellants. Goodman & Goodman, Cincinnati, for defendant-appellee.

## OPINION

Per CURIAM.

This is an action by minority stockholders of The Lawton Company to restrain a proposed change in its articles of incorporation,

whereby, among other changes, their stock would be changed from common stock to preferred stock; or, in the alternative, that they would be awarded the fair cash value under their general prayer for relief.

The case heard by the trial court on the pleadings and an agreed stipulation of facts. The trial court held that the plan of reorganization was in accordance with law and that plaintiffs, as minority stockholders, were bound thereby, and, therefore, not entitled to an injunction, and as holders of stock entitled to no preference of any kind, and had no right against the corporation to receive the fair cash value in lieu of their stock.

Trial Judge Weber delivered an opinion which fully covers all the legal questions involved. We affirm the judgment on the authorities discussed by and the reasoning of Judge Weber.

ROSS, PJ, HILDEBRANT and MATTHEWS, JJ, concur.